UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHELDON PITTMAN,**

  **Plaintiff,**

**v.**            **Case No. 8:20-cv-533-AAS**

**KILOLO KIJAKAZI,**[1]
**Acting Commissioner,**
**Social Security Administration,**

  **Defendant.**
_____/

## ORDER

Sheldon Pittman's counsel moves for an award of **$10,947.55** in attorney's fees under 42 U.S.C. § 406(b). (Doc. 22). The Commissioner does not oppose Mr. Pittman's counsel's request.[2] (*Id.* at p. 8).

Mr. Pittman applied for social security disability benefits, which was denied initially and on reconsideration. Mr. Pittman then requested a hearing

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] When the Commissioner does not object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

before an ALJ, who found Mr. Pittman not disabled. The Appeals Council denied Mr. Pittman's request for review of the ALJ's decision. Mr. Pittman then filed a complaint in this court. (Doc. 1). The court remanded the ALJ's decision for further consideration, and the Clerk entered judgment for Mr. Pittman. (Docs. 24, 25).

The Commissioner found Mr. Pittman disabled on remand. (*See* Doc. 28-3). The Social Security Administration withheld $10,947.55 from Mr. Pittman's past-due benefits to pay his attorney's fees. (*Id.*).  Mr. Pittman's counsel now requests $10,947.55 from that award under 42 U.S.C. § 406(b) for work performed in federal court to achieve the remand.

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Based on the fee agreement that Mr. Pittman agreed his counsel could request twenty-five percent of past-due benefits for attorney's fees, an award of attorney's fees of $10,947.55 is not a windfall and should be awarded. (*See* Doc. 28-2).

The court previously awarded Mr. Pittman's counsel $4,408.10 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 27). When an attorney receives attorney's fees under the EAJA and Section 406(b), the

attorney must refund the smaller fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). Mr. Pittman's counsel must refund any attorney's fees awarded under the EAJA.

The Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 28) is **GRANTED.** Mr. Pittman's counsel is awarded **$10,947.55** in attorney's fees.

**ORDERED** in Tampa, Florida on May 20, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

3